Michael Lee Wight
370 South 300 West #2
Springville, Utah  84663

FILED

RECEIVED CLERK

JUL 30 2003

U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| Michael Lee Wight<br><br>    Plaintiff<br><br>    vs.<br><br>PROVO CITY CORPORATION, TASHA TAYLOR, PAULETTE STAGG, SCOTT JENSEN, AGENTS AND OFFICERS OF THE UTAH DEPARTMENT OF CORRECTIONS 1 THROUGH 9.<br><br>    Defendants. | CIVIL RIGHTS COMPLAINT<br>TITLE 42 U.S.C. Sections 1983 AND 1985, 28 U.S.C. Sections 1441, 1446, and 2246. Title 18 U.S.C. Sections 1961 - 1968.<br><br>Civil No.<br><br>**Judge Tena Campbell**<br>**DECK TYPE: Civil**<br>**DATE STAMP: 08/06/2003 @ 08:45:25**<br>**CASE NUMBER: 2:03CV00666 TC** |

A. JURISDICTION AND VENUE

Plaintiff invokes the Jurisdiction of the Court under Title 42 U.S.C Sections 1983 and 1985, Title 28 U.S.C. Sections 1441, 1446, and Section 2246 and the civil provisions of Title 18 U.S.C. Sections 1961 through 1968 and the 2nd, 4th, 5th, 6th, and 14th Amendments to the Constitution of the United States of America. All Actions and Acts Complained of herein in this Complaint took place in the Boundaries of the State of Utah which is a political enclave of the United States of America.

B. PARTIES

Plaintiff, Michael Lee Wight was at the time of the Acts and Actions in this Complaint an American Citizen and Inhabitant of Montana state.

Defendant, PROVO CITY CORPORATION, is a Municipal Corporation chartered and Incorporated under the Laws of the STATE OF UTAH.

Defendant, TASHA TAYLOR was and/or is the Managing Court Reporter for the Fourth District Court of the State of Utah, Provo Department.

Page 1

Defendant, PAULETTE STAGG, is the Clerk of the Utah Court of Appeals.

Defendant, SCOTT JENSEN, is a Police Officer employed by Defendant PROVO CITY CORPORATION.

Defendants, Agents and Officers of the UTAH DEPARTMENT OF CORRECTIONS 1 - 9 are identified herein as Jerry Hawk, Clifford Cardall, Randy Hall, Larry Evans, John Does 1 and 2 (Supervisory Agents) and Jane Does 1 through 3. Defendants named herein are being sued in their Individual and Official Capacities and through their Bonds and Insurance Policies.

### C. NATURE AND CAUSE OF ACTION

1. On June 16th, 1999 Plaintiff was Traveling through the City of Provo, Utah when Defendant Scott Jensen initiated a Traffic Stop of Plaintiff's Vehicle for a "Muffler Violation". This Violation was ruled as insufficient probable cause for the Traffic stop by the Trial Court at Trial. However, The Trial Court allowed the use of a "Failure to Signal" for 3 continous seconds despie the fact that Plaintiff was not cited for this and that Officer Jensen had already initiated the Traffic Stop prior to Plaintiff's signalling to pull into the parking lot of Smith's grocery store after Officer Jensen had turned on His overhead lights on His Patrol Car. Plaintiff was then subsequenty Arrested by Officer Jensen. Plaintiff challenged the constitutionality of the Traffic Stop citing numerous Federal Court cases which were overruled by the Trial Court

2. Plaintiff was appointed an Attorney for most of the subsequent proceedings by the Trial Court. Aforementioned Attorney, Patrick Lindsey did very little to represent Plaintiff's interests in the Case involving Plaintiff's defense and Plaintiff was thus forced to file His own Motions, Memorandums of Law, Orally Argue His Case and File His own Appeal. Based upon the failure of Plaintiff's Court Appointed Attorney to represent Him Plaintiff filed a pre-Trial Motion to Dismiss the State Court proceedings for Ineffective Assistance of Counsel which was denied despite the obvious failure of Counsel to represent Plaintiff. Plaintiff was therefore forced to defend himself pro se despite very little knowledge of the Law. Plaintiff also made

Page 2

numerous attempts to have a Friend represent Him and assist Him in the State Court Proceedings but was told by several Judges in the Fourth District Court that any "Counsel of Choice" that the Plaintiff wanted to speak on His behalf and in His Defense must be an Attorney who was a Member of the Utah State Bar Association.

3. Plaintiff filed numerous challenges under Constitutional Law citing numerous. Supreme Court and Federal Court Cases regarding the Issues in the State Court Case including challenges to the Jurisdiction of the Court and the City of Provo it was not proven that the Court or City of Provo had Jurisdiction over the Plaintiff. Cases involving Plaintiff that were Dismissed were also used against plaintiff before.and after the Trial of Plaintiff in the State Court despite Plaintiff's objections.

4. After the conviction of Plaintiff by the State Trial Court Plaintiff sought a free copy of the Transcripts in Order to Appeal the conviction. Plaintiff filed an affidavit of impecuniosity and therefore was ruled indigent by the Trial Court Judge

Donald J. Eyre. Plaintiff was denied the Transcripts by Defendant Tasha Taylor without payment of costs. Plaintiff then filed a Motion with the Utah Court of Appeals asking the Court of Appeals to Order that a copy of the Transcripts of the issues relevant to the Cases be provided to Plaintiff without costs as it had been previously ruled that Plaintiff was indigent However, despite Plaintiff's arguements

that He was entitled to a copy of the transcripts they were denied to Plaintiff without costs  in April 2001 by Defendant Paulette Stagg  who stated in a letter to Plaintiff that He must pay for them.Plaintiff has filed post Trial relief concerning

the denial of the Transcripts and has been denied a State remedy.

5. Despite Plaintiff's filings in the State Court(s) He was denied relief that He asserted was mandated under U.S.Supreme Court rulings. Plaintiff also has been deprived of His Right to keep and Bear Arms for 3 Years despite the Fact that Plaintiff has never been a Restricted Person under State or Federal Law(s). Plaintiff has had His personal property to wit; Guns, Ammunition, and Knifes taken numerous times by Defendants Provo City Corporation,Agents/Officers of the Utah State Department of Corrections and the Fourth District Court although most items

with the exception of 3 Guns were eventually returned to Plaintiff.

.6. Plaintiff has been incarcerated numerous times on 2 Warrants issued by Judge Davis who had recused from Plaintiff's State Court Cases. Plaintiff was also falsely arrested by Defendant Larry Evans for Possession of a Weapon by a Restricted Person despite the Fact that Plaintiff stated that He was not a restricted Person at the time of the arrest on Feburary 8th, 2002. Plaintiff has spent more than 65 Days in Jail and has lost Employment and Income as a result of the Action complained of in this complaint. Plaintiff has also suffered emotional and mental anguish as a result of the aforementioned actions.

Paragraphs 1 through 6 are incorporated herein by reference.

### EXACT CAUSES OF ACTION AND RIGHTS VIOLATED

1. Plaintiff's 4th Amendment right to be free from Unreasonable search and seizure was Violated by the Traffic stop refrenced in paragraph 1 of this Complaint.
2. Plaintiff's Right to Due Process of Law was Violated by the use of Case Plaintiff was not convicted of in the State court Proceedings.
3. Plaintiff's right to effective assistance of counsel and 6th Amendment Right to Counsel of Choice was Violated by the Defendants when the State Court Case was not dismissed as referenced in Paragraph 2 of this Complaint.
4. Plaintiff's right to keep and bear Arms has been violated by the Defendants as referenced in Paragraph 5 of this Complaint.
5. Plaintiff's Right to equal protection of the Laws and Due Process of Law was Violated by Defendant(s) Tasha Taylor and Paulette Stagg by the denial of the transcripts to Plaintiff in the state Court proceedings as referenced in paragraph 4 of this Complaint.

## D. CONCLUSION AND PRAYER FOR RELIEF

Wherefore, Plaintiff prays that;

1. The Court order that the Verdict of the Trial Court be reversed and all warrants, Orders, Processes, and actions by the Defendants be declared null and void nunc pro tunc.

2. The Court order all monies paid to the Defendants be returned to the Plaintiff.

3. The Court order the Plaintiff compensated for Property taken by Defendants.

4. The Court Order such injunctive and declaratory relief as may be proper.

5. Plaintiff reserves the right to Amend this Complaint to include additional Parties and tort feasors.

6. A Trial by Jury is demanded on monetary damages issues.

I Michael Lee Wight, declare under penalty of perjury that all facts contained in this Complaint are True to the best of My knowledge.

Dated this 30th Day of July, 2003

*Michael Lee Wight*

Michael Lee Wight. Plaintiff